(No. 41143.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD NELSON, Appellant.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

J. WALDO ACKERMAN, of Springfield, appointed by the court, for appellant.

RAYMOND L. TERRELL, State's Attorney, of Springfield, (RICHARD A. HOLLIS, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Edward Nelson, was found guilty of armed robbery by a jury in the circuit court of Sangamon County and sentenced for a term of not less than 4 nor more than 10 years in the penitentiary. The Appellate Court, Fourth District, affirmed the conviction but vacated the sentence (87 Ill. App. 2d 159) and we granted leave to appeal.

It is contended that the jury considered matters not of record in its deliberations. This is based solely upon the contents of an affidavit signed by the court-appointed public defender. It related that in the late evening of the day the verdict was returned an unidentified juror called him and said that the jury was told by one of its members that he was a deputy sheriff, that he had read about the defendant and that the defendant was "no good". The affidavit further stated that this juror and another juror (neither

of whom was identified) had told the other jurors of reading newspaper items that defendant was charged with a narcotics violation; that when the other jurors protested that they were instructed to consider only evidence produced in court, they were told that there was no intention to obey such instruction and that anyone who had anything to do with narcotics belonged in jail.

The trial was concluded on May 26, 1965, and the jury returned a guilty verdict on the same day. A motion alleging eleven trial errors was filed on June 3, but it made no mention of the alleged juror's telephone call. The post-trial motion was argued on July 1, and after being taken under advisement, was denied on July 6, 1965. The affidavit in question, not a part of the post-trial motion, bore the file mark of July 1, 1965, the same date as the hearing on the motion.

Under these circumstances we see no reason to deviate from our general rule that failure to present a reviewable issue in a written motion for a new trial constitutes a waiver of the issue. (*People* v. *Phelps,* 388 Ill. 618; *People* v. *Irwin,* 32 Ill.2d 441; *People* v. *Walker,* 34 Ill.2d 23.) Admittedly, counsel knew of the alleged statements made during the jury's deliberation nine days prior to filing a lengthy post-trial motion, but he did not refer to them in the motion. Nor did he amend or seek to amend when the post-trial motion was argued almost a month later. We agree with the appellate court that there was a waiver.

We do not reach the question of the effect of the statements if they would have been preserved on this appeal. We do point out in passing that *Parker* v. *Gladden,* 385 U.S. 363, 17 L. Ed. 2d 420, 87 S. Ct. 468, relied upon by the defendant, involved statements by a bailiff to a juror to the effect that the defendant was guilty, not statements made by jurors during the course of the jury's deliberations.

After defendant contended in the appellate court that

there was no hearing in mitigation and aggravation, that court granted leave to expand the record in this regard. Defendant's counsel then asserted that the sentence of 4 to 10 years was excessive. (The statute for this offense carries a penalty of imprisonment for an indeterminate term with a minimum of not less than one year. Ill. Rev. Stat. 1965, chap. 38, par. 18—2(b).) The appellate court stated the record failed to show the "education, the family situation, the background or, to any appreciable extent, the employment record of the defendant." It apparently injected an expanded criterion for trial judges by saying: "If the sentence was arrived at in recognition of the differences in rehabilitation potential, the record does not so indicate." The appellate court then held the record to be deficient, vacated the sentence and remanded the cause to the trial court. In so doing it stated that the sentence "should be based upon the fullest possible information relevant to the defendant and that information should be incorporated in the record in case of subsequent review of sentence."

The statute with respect to hearings in mitigation and aggravation provides: "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation and mitigation of the offense." (Ill. Rev. Stat. 1965, chap. 38, par. 1—7(g).) It will be noted that the use of the phrase "if any" contemplates the possibility of a waiver of hearing in mitigation by a defendant.

The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. We have held that it is incumbent on the defendant to request hearing, and failure to do so constitutes a waiver. (*People* v. *Muniz*, 31 Ill.2d 130, 138.)

After hearing the testimony of the sheriff's chief investigator of bad conduct in jail and a statement by the prosecutor to the effect that the defendant was sentenced in 1962 to two years in Missouri, neither of whom was challenged, an attempt to show another charge pending was, upon objection, refused by the court. When defendant's counsel was asked if he had any witnesses he replied that he did not and when asked if he had any comments he replied "I have no comments, your honor." A hearing in mitigation and aggravation was had, defendant was given ample opportunity to be heard and his failure to take advantage of it constituted a waiver.

We laid some guide lines with respect to the exercise of the right to reduce punishment at the appellate level in *People* v. *Taylor,* 33 Ill.2d 417, 424, in the following language: "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill. Rev. Stat. 1963, chap. 38, par. 121—9(b)(4),) [since repealed and superseded in identical language by our Rule 615(b)(4), (36 Ill.2d 182)] such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

This court has consistently approved the foregoing guide lines where the reduction of sentence by virtue of the rule and its antecedent statute has been directly raised. (*People* v. *Cage,* 34 Ill.2d 530; *People* v. *Hicks,* 35 Ill.2d 390; *People* v. *Kurtz,* 37 Ill.2d 103; *People* v. *Crews,* 38 Ill.2d 331; *People* v. *Gold,* 38 Ill.2d 510; *People* v. *Caldwell,* 39 Ill.2d 346.) In none of these cases has a reduction in punishment been made, but they do recognize the right to reduce sentence. They indicate a careful examination of the record to see if a case is a proper one for reduction.

For example, in *Taylor* there was a prior felony record, and the heinousness of the crime was noted in *Hicks*. We remanded for resentencing in *Crews* for other reasons, but specifically said that the remandment was without prejudice to the right of the defendant to seek review of the punishment which may be imposed.

Obviously, in following the *Taylor* guide lines, the possibility of rehabilitation of a defendant is one of the factors which a trial judge should take into consideration. However, it does not follow that the trial judge must categorically have the record recite the "rehabilitation potential" of a defendant before him for sentencing. Here, the court was guided by information that the defendant while in jail for three months called officers foul names and disobeyed orders to the extent that he was transferred to solitary detention in the Springfield city jail for ten days. The hearing also brought out that in 1962 he was sentenced to two years in Missouri for second degree burglary. The defendant waived his right to be further heard at the mitigation hearing and it was neither necessary nor appropriate to remand for further hearing. To hold otherwise would permit a defendant to stand silent and, if not pleased with his sentence, later invoke the aid of an appellate tribunal to secure a reduction in sentence. The propriety of the sentence must be based upon the present record. The sentence imposed was not excessive and it should not have been vacated.

The judgment of the Appellate Court, Fourth District, is affirmed as to the conviction. Its judgment is reversed as to vacation of sentence, and the circuit court of Sangamon County is affirmed.

*Appellate Court reversed in part; circuit court affirmed.*