**People of the State of Illinois, Plaintiff-Appellee, v. Darryl Eugene Strey, Defendant-Appellant.**

**Gen. Nos. 53,257–53,259. (Consolidated.)**

First District, First Division.

December 19, 1969.

Rehearing denied January 8, 1970.

Philip S. Lieb and Phillip J. Rotche, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joel M. Flaum, and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In three indictments defendant was charged with the sale and dispensing of narcotic drugs. On each indictment he pleaded guilty to the lesser charge of unlawful possession of narcotic drugs. A stipulation was entered into between the State, defendant and his counsel as to the facts and that the narcotic drug was marijuana. On each charge defendant was sentenced to two to four years, to be served concurrently.

On appeal defendant contends that he was not given a mitigation hearing, and that the three sentences should be vacated and the causes remanded to the trial court with directions that defendant be given an opportunity to offer evidence in mitigation prior to being resentenced, as provided for in chapter 38, § 1–7 (g).

The record shows that on April 16, 1968, the trial court admonished defendant Strey as to the significance and consequences of his change of plea from not guilty to guilty and, after a recess for a "conference," the following took place:

> THE COURT: Let the record show the defendant Strey has been advised of the consequences of his pleas of guilty to these three indictments and after being so advised persists in his plea. The pleas therefore will be accepted. There will be a finding of guilty in all three indictments as charged in the indictment.

After a recitation of the stipulated facts, the record shows the following:

> MR. WARD: "In aggravation the defendants do not have any prior convictions of record. I would impress upon the Court the fact that the charge was sale of drugs and dispensing drugs, which carries the same penalty under the Code, ten to life. The State has accepted pleas on the lesser included

offense of possession. Nonetheless the State must recommend, in the case of Mr. Strey recommend a term of years not less than two nor more than five in the Illinois State Penitentiary, Mr. Spietz, two to three years in the Illinois State Penitentiary, such terms to run concurrent."

THE COURT: "Do you wish, Mr. Lucas [defendant's counsel], to argue in mitigation on Thursday morning?"

MR. LUCAS: "Yes, Judge."

THE COURT: "It was indicated in the conference Mr. Lucas wished time to argue in mitigation before sentencing."

. . . . . .

THE COURT: "I will withhold judgment on the finding and aggravation and sentencing until 9:30 Thursday morning, April 18th."

On April 18th, the record shows the following:

THE CLERK: "People of the State of Illinois vs. Darryl Strey and Candice Spietz."

THE COURT: "There has been a judgment on the finding. The only thing left is sentencing, hearing in aggravation and mitigation."

MR. LUCAS: "If the Court please, I think I would like to have a conference."

THE COURT: "You wish another conference?"

MR. LUCAS: "Yes."

After a recess was taken, the record shows the following:

THE COURT: "Mr. State's Attorney, sentence and aggravation and mitigation on Strey."

152

MR. WARD: "Yes. I believe the State did put in its aggravation the last time."

THE COURT: "What is the recommendation?"

MR. WARD: "My recommendation, to refresh the Court's memory here on the defendant Strey, both primarily upon the fact that there are three indictments here, one for sale and two for dispensing, which as the Court is well aware is the same as sale under the statute, the sale is ten years to life, based upon this, your Honor, and based upon the fact that the State is accepting the plea on the possession charges on the indictments, the State is recommending a term of years not less than two nor more than five in the Illinois State Penitentiary."

. . . . . .

THE COURT: "Both defendants have no record?"

MR. WARD: "As far as I can ascertain at this time, there is no record on either defendant."

. . . . . .

THE COURT: . . . "As far as Strey who has three indictments of dispensing narcotics or possession of narcotics, the sentence will be not less than two and not more than four years in the Illinois State Penitentiary."

The court then proceeded to inform the defendants of their right of appeal from the judgment of the court and ordered that the sentences were to run concurrently. Subsequent to the foregoing a motion for a new trial on behalf of Strey was presented on May 15, 1968, and the hearing on that motion included the following:

THE COURT: "I don't think it's necessary. We did have a hearing in aggravation and mitigation. He was informed of his rights to a trial by jury. He was

153

advised of the consequences of his plea. The plea of guilty appeared voluntarily made to me. The motion for a new trial and motion in arrest of judgment is denied."

Defendant contends that the law of this state requires the trial court to grant a request for mitigation hearing and may not deny the defendant his right unless a specific waiver is expressed. He further argues that only an express waiver may be considered, and that the trial court may not infer waiver from collateral considerations.

Applying the foregoing principle to the instant case defendant argues, "On the date set for mitigation hearing, the record merely indicates the prosecutor's advice to the court that the defendant had no prior criminal background. Without further comment from the defendant or his attorney, the court then immediately thereafter sentenced the defendant. The record is absent any evidence of the matters permitted in mitigation and required before intelligent sentence could be imposed."

Defendant's authorities to establish that the waiver of a mitigation hearing must be express and that inferential waivers are rejected include: People v. Spaulding, 75 Ill App2d 278, 220 NE2d 331 (1966); People v. Smith, 62 Ill App2d 73, 210 NE2d 574 (1965); People v. Harris, 66 Ill App2d 46, 213 NE2d 588 (1966); and People v. Sessions, 95 Ill App2d 17, 238 NE2d 94 (1968). In People v. Spaulding, it is said (p 281):

"It is clear to us that paragraph 1–7(g) contemplates that a hearing in aggravation and mitigation is an essential part of the sentencing process. While it may be waived, it was not expressly waived in this case. Participation in a probation hearing is not a waiver of a hearing in mitigation and aggravation, for these involve separate areas of inquiry."

In People v. Smith, supra, it is said (p 79):

> "It should not be the responsibility of the trial court to initiate the inquiry or to insert material into the record so that a defendant may possibly benefit from it on appeal. The obligation to preserve matters in the record which are relied upon to reverse a judgment should remain with the party who seeks the reversal."

And at page 80:

> "The purpose of section 1–7 (g) is to require the trial court, when so requested, to receive evidence about the defendant's life and record before pronouncing sentence upon him. The statute should be liberally applied and any motion or clear suggestion by the defendant pointing to this end should be regarded as a request that the court consider these factors before determining the defendant's punishment. There is no particular formula for making the request. The phrase 'a hearing in mitigation' is not essential. . . .

> "In the present case there was no evidence during the trial which would have made a mitigation hearing superfluous, and inasmuch as the motion for a presentence investigation was denied we believe the court should have asked the defendant if he had anything to present by way of mitigation. . . .

> "We do not know whether the defendant has evidence to present in mitigation. We assume he has because his alternative prayer is that the cause be remanded for that purpose. But whether he has or not, he is entitled to a hearing and to a sentence which is based on that hearing as well as on the evidence of the case."

155

In People v. Harris, supra, it is said (p 53):

"There was no evidence offered in mitigation or aggravation, nor does the record show that defendant was advised of his right to offer such evidence, or that he waived the right so to do."

And on page 54:

"In the absence of a showing in the record that the defendant was advised of his right to offer evidence in mitigation, and upon being so advised, expressly waived that right, the defendant was entitled to offer such evidence and have it included in the record."

In People v. Sessions, supra, it is said (p 27):

"Because the holding of a hearing in aggravation and mitigation is a mandatory procedure prior to the imposition of sentence, we hold that the State has the burden of showing that the defendant expressly and understandingly waived his right to such a hearing."

From the foregoing, defendant argues, "absent an expressed waiver, and in light of the specific request for mitigation hearing, such hearing must be given, as had he had nothing to offer there would not be a request."

We think the guidelines to be applied here are expressed in People v. Nelson, 41 Ill2d 364, 243 NE2d 225 (1968), and People v. Novotny, 41 Ill2d 401, 244 NE2d 182 (1968). In People v. Nelson, it is said (pp 367–68):

"The statute with respect to hearings in mitigation and aggravation provides: 'For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character,

156

life, family, occupation and criminal record of the offender and may consider such evidence in aggravation and mitigation of the offense.' (Ill Rev Stats 1965, chap 38, par 1–7(g).) It will be noted that the use of the phrase 'if any' contemplates the possibility of a waiver of hearing in mitigation by a defendant.

"The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. We have held that it is incumbent on the defendant to request hearing, and failure to do so constitutes a waiver. (People v. Muniz, 31 Ill2d 130, 138.) After hearing the testimony of the sheriff's chief investigator of bad conduct in jail and a statement by the prosecutor to the effect that the defendant was sentenced in 1962 to two years in Missouri, neither of whom was challenged, an attempt to show another charge pending was, upon objection, refused by the court. When defendant's counsel was asked if he had any witnesses he replied that he did not and when asked if he had any comments he replied 'I have no comments, your honor.' A hearing in mitigation and aggravation was had, defendant was given ample opportunity to be heard and his failure to take advantage of it constituted a waiver."

In People v. Novotny, supra, which involved the question of defendant's waiver of a jury trial, it is said (p 410):

" 'It is settled law that when an accused is present in court and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the court of a trial.' . . . Even though the result of this waiver may now be unsatisfactory to defendant, we

157

do not agree that it can be said to be unconstitutional."

The State argues that "upon looking at the record it becomes clear that the only thing said in mitigation or aggravation was that the defendant had no prior record. True, this was uttered by the State's Attorney, but that does not change the nature of the statement. Obviously, it can only be considered mitigating. There can be no interpretation that could justify a reading of this as being aggravation."

The State further argues that on the date of sentencing there was plenty of time for appellant's counsel to make an argument in mitigation, and he chose not to do so, and whatever the reason for the silence "it is more than clear that appellant was in no way unfairly deprived of his right to a hearing."

We think it is clear from the colloquy between court and counsel, previously set forth in detail, that the trial court continued the matter of the sentencing for two days to give defendant's counsel "time to argue in mitigation and before sentencing." When the hearing for that purpose was called on April 18, the trial court announced, "The only thing left is sentencing, hearing in aggravation and mitigation," and defendant's counsel then requested "another conference," and a recess was taken for the purpose. When the hearing resumed the court again said, "Mr. State's Attorney, sentence and aggravation and mitigation on Strey." During this entire time defendant was present in court with his attorney, and both defendant and his attorney remained silent and made no offer of any evidence in mitigation. We hold that this was an express waiver by defendant of his right to be heard at the mitigation hearing. As said in People v. Nelson, supra (p 369):

"The defendant waived his right to be further heard at the mitigation hearing and it was neither neces-

158

sary nor appropriate to remand for further hearing. To hold otherwise would permit a defendant to stand silent and, if not pleased with his sentence, later invoke the aid of an appellate tribunal to secure a reduction in sentence. The propriety of the sentence must be based upon the present record. The sentence imposed was not excessive and it should not have been vacated."

For the reasons given, the judgment of conviction is affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.