People of the State of Illinois, Plaintiff-Appellee, v. Robert Russo, Defendant-Appellant.

Gen. No. 11,064.

Fourth District.

February 17, 1970.

Harold L. Madsen, of Quincy, for appellant.

Robert J. Bier, State's Attorney, of Quincy, for appellee.

TRAPP, J.

Charged with murder, defendant entered a plea of guilty to voluntary manslaughter. Upon the same date and before the same judge, he also pleaded guilty to charges of aggravated battery, attempted escape and armed robbery. Following the hearings in aggravation and mitigation, the court imposed the following minimum and maximum sentences: voluntary manslaughter, 17 to 20 years; aggravated battery, 2 to 10 years to be served consecutively to the manslaughter sentence; attempted escape, 4 to 5 years and armed robbery, 7 to 10 years. The latter two sentences were imposed to be served concurrently with the manslaughter sentence. Defendant appeals only from the sentence for voluntary manslaughter.

It is urged that the minimum sentence is excessive in the light of defendant's youth (24 years), his lack of prior criminal record and of the possibilities of rehabilitation. The prosecution points out that the records show that the homicide was committed under noticeably wanton circumstances, and that there were virtually contemporaneous pleas to two other forcible felonies.

The argument as to the absence of a prior criminal record is not persuasive. The armed robbery to which the plea was made was committed shortly before, but was not related to the homicide. Counsel agree that the attempted escape and the aggravated battery charges were based upon events occurring while defendant was awaiting trial upon the murder charge. It is disclosed that defendant had served a jail sentence for nonsupport of his wife and had received an undesirable discharge from the Army.

Such recitation suggests that the argument as to want of a prior record is, at best, a most formal position. It also persuades that the defendant was other than a callow youth who unwittingly became involved in violent events.

The evidence discloses that the victim, Burton, was unknown to defendant at the time of the shooting. Casey, a half-brother of defendant, had gotten into some controversy with one Taber at a hotel bar. There is evidence of some reconciliation over a drink, but later Casey claimed that Taber's friends had assaulted him in a corridor. After some discussion, defendant and Casey drove several blocks to a coffee shop where Taber and several friends, including Burton, sat at a booth with the wives of some of them. Defendant and Casey entered and Casey's demand for an apology from Taber became a cussing match, and defendant hit Taber. Defendant's testimony is that Burton got out of the booth to prevent defendant and Casey from leaving and that defendant then injected a shell into the pistol and cocked it. Nu-

merous eyewitnesses, however, testified that Burton was shot as he stood near a counter without being involved in the controversy.

It is diligently argued that defendant is alert and intelligent with possibilities for rehabilitation. The abstract supplied does not reflect these characteristics as it contains little more than testimony as to the events prior to and at the time of the shooting.

It is urged that defendant, under the sentence imposed, must serve a minimum of 9 years and 9 months before becoming eligible for parole, with the result that the determination of his rehabilitation is delayed too long. It is urged that there will be little to induce defendant to seek education and self-improvement during such extended period of confinement. We are cited to views that those administering the parole system are better able to determine when the defendant should become eligible for parole than the court at the time of sentence.

The logical projection of this proposition would remove the burden of sentencing from the courts by a statute which simply provides a minimum and maximum term for offenses. This the Legislature has not seen fit to do. The statutory system requires the court to make an initial evaluation both of punishment and prospects of rehabilitation from the vantage point of having heard the evidence and observing the witnesses.

It is apparent that the prospects of defendant's rehabilitation were not reflected in a bright light by the concurrence of so many forcible felonies within a remarkably short span of time. Defendant's argument might be more formidable if the trial court had been considering an isolated offense.

240

As the prosecution argues, an adequate length of time for possible parole supervision is provided through the administration of the consecutive sentence imposed.

 Imposition of sentence is a matter of judicial discretion, and will not be altered upon review in the absence of a manifest abuse. The People v. Bonner, 37 Ill2d 553, 229 NE2d 527 and People v. Sephus, 109 Ill App2d 240, 248 NE2d 293. The burden of presenting mitigating circumstances in a record falls upon the defendant, and it is he who must make such substantial showing as justifies a reduction of sentence upon review. The People v. Nelson, 41 Ill2d 364, 243 NE2d 225.

 A theory of penology is argued but the abstract presents no such mitigating facts concerning this defendant as would suggest that there was an abuse of discretion by the experienced trial court. The judgment of sentence is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.