The People of the State of Illinois, Plaintiff-Appellee, *v.* Eugene Woods, Defendant-Appellant.

(No. 54744; ▮)

First District—May 12, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Thomas Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant appeals from a judgment of the Circuit Court of Cook County sentencing him to a term of two to ten years in the penitentiary.

On October 20, 1966, the defendant, Eugene Woods, pleaded guilty to a charge of attempt robbery, and he filed an application for an order granting him probation. After examining a pre-sentence report made by the probation department, Judge White granted the petition. The report contained information about the defendant's age, family record, educational background, arrest record, juvenile record, employment record, and the social conditions under which he lived. The probation

was to extend five years with the first year to be served in the House of Correction.

On March 6, 1969, the defendant was convicted of criminal damage to property. Judge Power, who was designated to hear all of Judge White's cases of probation violation, presided at the defendant's hearing on September 11, 1969. The defendant was represented by counsel of his choice.

The issue on appeal is whether the defendant was denied his right to a hearing in aggravation and mitigation.

■■ At the hearing, Frank Mills, a Chicago police officer and resident of the premises, testified that Woods was found by him in his enclosed back porch with two screw drivers in Woods' back pocket. The lock to the back porch had been pried open. The defendant stated to Mills that he was looking for the owner so he could clean the sidewalk.

The court terminated probation, and the State relied on the same facts in aggravation. Then the following discussion took place:

> THE COURT: I see there was a probation report from the previous hearing.

> Mr. PRIDE: I don't want to be repetitious, but if he had not served time on this probation, I wouldn't say anything, but the fact is he did serve time on the probation. He isn't going unpunished.

> THE COURT: No, but when you say unpunished, you would think that after serving a year he would be a little concerned about becoming involved in this, again becoming involved * * *.

> Is there anything else to be said?

> MR. COSTA: The State has nothing further.

> THE COURT: The defendant is sentenced to a minimum of two years and a maximum of ten years in the Illinois State Penitentiary.

The defendant contends Judge Power failed to conduct a complete hearing in aggravation and mitigation, claiming he failed to do more than merely note the existence of the presentence report without indicating he either read or considered it. Defendant argues that a complete hearing is especially necessary where the sentencing judge is someone other than the judge granting the probation.

■■ The defendant relies on *People v. Smice* (1967), 79 Ill.App.2d 348, which holds that such a hearing is mandatory unless understandingly waived by the defendant; and *People v. Evrard* (1965), 55 Ill.App.2d 270, which provides that a trial judge must be in possession of the fullest possible information concerning the defendant's life in order to select the appropriate sentence. However, neither case is in point. Judge Power

did allow both the State and the defendant's attorney to present any information they felt might aid him in determining what sentence to impose. Failure of the defense counsel to pursue the matter beyond a single statement constitutes a waiver which is binding on the defendant. He will not be allowed to sit back and later claim he did not waive certain proceedings when it is clear his counsel did so on his behalf. *People v. Novotny* (1968), 41 Ill.2d 401; *People v. Nelson* (1968), 41 Ill.2d 364; *People v. Strey* (1969), 118 Ill.App.2d 150.

■■ In addition, the judge did note the existence of the presentence report. There is nothing in the record to show he did not consider it when arriving at the order revoking probation. The order recites "And the Court hearing Testimony of Witnesses and being fully advised in the premises * * *," and is sufficient to establish the hearing.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.