THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW DODD, JR., Defendant-Appellant.

(No. 71-58;

Fifth District—June 7, 1971.

Morton Zwick, of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Andrew Dodd, Jr., the defendant, pleaded guilty to the crime of robbery in the Circuit Court of St. Clair County, and was sentenced to the penitentiary for a term of not less than three nor more than ten years. The sole question presented on defendant's appeal is whether his sentence was excessive.

Defendant was indicted, along with two companions, for armed robbery committed on December 27, 1968. At his trial on November 13, 1969, after the jury had been sworn and opening statements made, a recess was taken, the charge was reduced to one of robbery, and defendant pleaded guilty. At his probation hearing defendant stated that he was 20 years of age, that he took part in the robbery with two companions, that he did not have a gun but each of his companions did. It was further determined that no violence occurred in the robbery, that this was the first time he was in any serious trouble though in the summer of 1969, while on probation for Criminal Trespass to Land, he had failed to report to his probation officer for five consecutive months. Other than the report of the probation officer no further testimony was offered.

In denying probation the trial court commented that he was aware that the charge had been reduced from armed robbery to robbery; that he was unable to find any mitigating circumstances other than that this was defendant's first robbery and that he could not subscribe to the theory that everyone is entitled to one robbery before being punished. He then denied probation and imposed sentence.

■■ Defendant argued before the trial court and repeats the same argument here that defendant's sentence was excessive because of his "tender age", and the fact that it was his first offense. He contends that his sentence is not in keeping with the principles set forth in *People v. Harpole*, 97 Ill.App.2d 28, wherein we stated that the purpose of modern day penology is the rehabilitation of the offender and that an appropriate sentence is one which has the greatest potential of restoring one to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses. We continue to subscribe to these principles but we are also aware that the authority of a reviewing court to reduce a

sentence should be applied with considerable caution and circumspection. (*People v. Taylor*, 33 Ill.2d 417.) Also, the burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. *People v. Nelson*, 41 Ill.2d 364; *People v. Russo*, 119 Ill.App.2d 237.

■■ In *Harpole* the crime involved was theft, the sentence imposed was 4 to 10 years, and the defendant was a woman with two minor children dependent upon her care and support. It was her first offense and involved a crime devoid of malice, and the State's Attorney recommended probation. On the record before us here an entirely different picture is presented and we find it difficult to disagree with the trial court. The defendant may not have been armed but his companions were, and under such circumstances his "tender age" of 20 years did not in any way lessen the danger to the robbery victim nor the seriousness of the crime.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County if affirmed.

Judgment affirmed.

EBERSPACHER and G. MORAN, JJ., concur.