THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH WINTERS, Defendant-Appellant.

(Nos. 55418, 55419, cons.—

First District—September 14, 1971.

Philip Michael Basvic, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, Robert A. Novelle, Arthur Belkind and Thomas Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals and contends that the sentences imposed were excessive and should be reduced by this court and that the court failed to conduct an adequate hearing in aggravation and mitigation.

Defendant entered pleas of guilty to the crimes of armed robbery and murder. The murder was committed in the pursuance of armed robbery. He was sentenced to a term of 10 years to 20 years on the armed robbery indictment and 40 years to 100 years on the murder indictment, to run concurrently. There is no dispute that defendant was properly admonished as to the consequences of his pleas of guilty and his right to a jury trial on each indictment.

At the time of defendant's withdrawal of his previous pleas of not guilty, his counsel expressed the following:

"As your Honor knows, we have spent the past hour-and-a-half to two hours in conference with yourself, the State's Attorney, and I have also spent part of that time in consultation with the defendant, Joseph Winters, with his parents, with his girlfriend, that my client advises me at this time that he wishes to withdraw his plea of not guilty to both indictments."

In admonishing defendant as to the consequences of his pleas of guilty the court advised defendant that the murder indictment was predicated upon defendant's taking the life of the victim, Paul Gans, and the armed robbery indictment was predicated upon defendant taking a watch from the victim.

The State's Attorney read into the record a stipulation between that office and defendant in his proper person and through his attorney that defendant was nineteen years of age and that if police officer Richard Sandberg, who was present in court, was called upon to testify, he would relate that he was assigned to investigate the homicide of Paul Gans that took place near 25 South Seeley, Chicago, Illinois. During the investigation, defendant was apprehended and gave two statements. In these statements defendant related that he shot the victim.

The State's Attorney then addressed the court as follows: "Your Honor, based upon the facts in this case, a felony murder, and with the only mitigation that we can see in this case being the plea of guilty entered by the defendant in his own proper person and through his attorney * * * *"

The State's Attorney then recommended a sentence of 50 to 100 years as to the murder and a sentence of 10 to 20 years as to the armed robbery.

Defendant's counsel then said: "If your Honor please, in mitigation, I would like to point out to the court as follows: At the time this incident allegedly occurred, Mr. Winters was 18 years of age. Mr. Winters and the State can verify this. Has no previous criminal record of any kind whatsoever. Mr. Winters is the father of a young baby, and his girlfriend is here in court. Up until and including this particular incident, Mr. Winters was an exemplary citizen [sic] and unfortunately was involved in this incident which, of which he is most sorry. I feel, your Honor, that under the circumstances, the man's previous record, the willingness of Mr. Winters and his family to cooperate with this State in this incident that your Honor should give ultimate consideration to reducing these charges, number one, and, also, with reference to the time herein involved, your Honor, that Mr. Winters be given no more than 20 to 30 years on these particular charges to run concurrently."

Defendant contends that the trial court failed to hold a hearing in

aggravation and mitigation pursuant to statute. Defendant further contends that there was a mere "pseudo-hearing" and the court was not in possession of the fullest possible information concerning the defendant. ██ The defendant relies on *People v. Smice* (1967), 79 Ill.App.2d 348 which holds that such a hearing is mandatory unless understandingly waived by the defendant; and *People v. Evrard* (1965), 55 Ill.App.2d 270, which holds that a trial judge must be in possession of the fullest possible information concerning the defendant's life in order to select the appropriate sentence.

██ In the case at bar the court provided both the prosecutor and defendant's counsel an opportunity to present matters in aggravation and mitigation pursuant to Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g).*

In *People v. Woods*, (Ill.App.2d) (54744; 1971) this court confronted with the same contention said:

"Failure of the defense counsel to pursue the matter beyond a single statement constitutes a waiver which is binding on the defendant. He will not be allowed to sit back and later claim he did not waiver certain proceedings when it is clear his counsel did so on his behalf. *People v. Novotny* (1968), 41 Ill.2d 401; *People v. Nelson* (1968), 41 Ill.2d 364; *People v. Strey* (1969), 118 Ill.App.2d 150."

In the case at bar the record reflects that an extensive conference was conducted in chambers preceding the withdrawal of the pleas of not guilty, the guilty pleas, the aggravation and mitigation proceedings and the sentencing of the defendant.

██ We find that there was no error with regard to the hearing in aggravation and mitigation.

Defendant's remaining contention is that the sentence was excessive. ██ Our Supreme Court has held that a reviewing court should not modify a sentence unless it is manifest that it is excessive. The power to reduce a sentence should be exercised with considerable caution and only in those cases where the penalty constitutes a substantial departure from the spirit and purposes of fundamental law. *People v. Caldwell* (1968), 39 Ill.2d 346.

We note that defendant's counsel, at the time of sentencing, recommended a sentence of 20 to 30 years for each offense to be served concurrently. At oral argument, defendant's counsel who represented him

---

* Mitigation and Aggravation.

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

in this appeal, suggested that this court reduce the sentences to 14 years to 14 years and one day to be served concurrently.

■■■ The record before this court is barren of any facts which could enable this court to determine whether the punishment was excessive. We are aware that defendant was 18 years of age at the time he perpetrated these crimes, that he had no previous criminal record and was a father. However, we are also advised that he took a life in the pursuance of an armed robery. The burden is upon the defendant to provide an adequate record below to preserve his contention in the reviewing court that the penalty was excessive. We observe that the penalty, in view of the record before this court, was not clearly disproportionate to the crime committed.

The judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J. and SCHWARTZ, J., concur.