THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD WENZEL, Defendant-Appellant.

(No. 70-126; ▮▮▮▮▮▮

Third District—December 22, 1971.

Theodore A. Gottfried, of Ottawa, (Bruce Stratton, of counsel,) for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, for the People.

942

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Ronald Wenzel pleaded guilty on April 1, 1968, to armed robbery and was sentenced thereafter to a term of imprisonment in the penitentiary of from seven (7) to twenty (20) years. On appeal in this Court, the only issue raised was that the sentence was excessive and should be reduced.

In support of the contention that the sentence should be reduced, defendant cites the Supreme Court Rule 615(b)(4), as well as American Bar Association Project on Minimum Standards for Criminal Justice to which we have referred in many previous cases.

In the cause before us, it was shown that in the robbery to which defendant pleaded guilty, a gun was involved. The sum of $7,690 was taken from the victim, a supermarket manager. Only $2,000 of this amount was recovered. At the hearing in aggravation and mitigation, it was shown by the prosecution that defendant pleaded guilty to five separate burglary indictments in the Circuit Court of La Salle County in 1962 and received therein concurrent sentences of three (3) to ten (10) years for each such offense. Defendant admitted in that court, also, that he had been guilty of fourteen other burglaries or attempted burglaries. He had also been placed on probation in December 1960 in Livingston County in connection with false check charges. Defendant was 36 years of age at the time of the commission of the armed robbery involved in the proceeding before us. In the instant case, there was no evidence in mitigation.

In prior cases, we have discussed and considered related questions involving sentencing and the recommendations of the American Bar Association Project on Minimum Standards for Criminal Justice. Such standards, however, do not provide a clear indication that the sentence imposed in the present case is inconsistent with such standards. Notably, it is pointed out by the prosecutor in the cause before us that in the same study in which the Advisory Committee had recommended that the authorized sentences for most felonies should be in the five-year range, it was conceded that in some cases, such as armed robbery, the term should be raised to ten.

■■ We have had occasion to consider the issues raised relating to modification or reduction of punishment by a court of review, a number of times. In *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, the Illinois Supreme Court indicated that a court of review should not disturb a sentence in a criminal case unless it clearly appears that the penalty constitutes a great departure from fundamental law and its spirit or purpose, or that the penalty is manifestly in excess of the proscription

of the Illinois Constitution or the established statutory limits. The court emphasized that the power to reduce sentences which is vested in courts of review, should be applied with considerable caution on the basis that the trial court ordinarily would have a superior opportunity in the course of the trial and in the hearing in aggravation and mitigation, to make a determination concerning the punishment to be imposed. While we have not hesitated in modifying sentences where the record justifies or requires it, we have agreed that the burden of presenting mitigating circumstances in the record falls upon defendant, and that the defendant must make a showing, or the evidence in the case should otherwise establish some support for modification. This should appear from the record before a reduction of sentence by a court of review would be justified. *People v. Nelson*, 41 Ill.2d 364, 243 N.E.2d 225.

■■ In reviewing the record in the cause before us, we find no basis for reducing the sentence pursuant to Supreme Court Rule 615. The sentence imposed in this case was well within the range authorized by statute. In absence of any showing of reasons for mitigation by defendant, and any basis in the record therefor, this court must conclude that the sentence as imposed should not be disturbed.

The judgment of the Circuit Court of La Salle County will, therefore, be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.