(No. 24657.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW CALCIONE, Plaintiff in Error.

*Opinion filed June 21, 1938.*

D. D. Madden, and B. A. Knight, for plaintiff in error.

Otto Kerner, Attorney General, Robert E. Nash, State's Attorney, A. B. Dennis, A. B. Louison, and Max A. Weston, for the People.

Mr. Justice Farthing delivered the opinion of the court:

Andrew Calcione has sued out this writ of error to review a judgment of conviction and sentence for a term of from one to ten years rendered against him in the circuit court of Winnebago county. The indictment contained two counts, but a *nolle prosequi* was entered as to one. The remaining count charged that he unlawfully, unjustly and feloniously received and aided in concealing two rings of the value of $98 which had been stolen from Alice Dowd.

Zola Harris, a friend of Calcione, took two rings worth $98 from the bathroom in a rooming house in Rockford, where their owner, Alice Dowd, had left them. Later she gave the rings to Calcione and told him she had "lifted" them. He hid them under the dashboard of his automobile and they fell behind the upholstery, where they were found by the police when he was present.

Section 239 of division I of the Criminal Code (Ill. Rev. Stat. 1937, chap. 38, par. 492, p. 1163) provides, in the

disjunctive, that every person, who for his own gain, or to prevent the owner from again possessing his property, shall buy, receive, or aid in concealing stolen goods, knowing the same to have been stolen, shall receive the punishment there prescribed. The indictment in this case charged, in the conjunctive, that Calcione "did receive and aid in concealing" the stolen rings. He contends that separate crimes of receiving and aiding in concealing stolen property are charged in one count and that it is, therefore, duplicitous. In *People* v. *Langguth*, 347 Ill. 500, this contention was decided adversely to defendant. There the defendants were charged with unlawfully making and causing to be made a false and fraudulent statement to certain bank examiners. The Banking act made it a crime to knowingly subscribe to or make or cause to be made any false statement with intent to deceive any person or persons authorized to examine into the affairs of such bank or association. We said that the act against which the statute was directed was the willful deception by an officer, director or employee of a bank of any person authorized to examine into its affairs, by a false statement, whether made or caused to be made by an officer, director or employee of a bank. In either case, but one crime was committed whether only one or all of the acts mentioned by the statute had been done by the accused. On page 503 we quoted from Bishop on Stat. Crimes, section 244, as follows: "If, as is common in legislation, a statute makes it punishable to do a particular thing specified, or another thing, or another, one commits the offense who does any one of the things, or any two or more or all of them, and the indictment may charge him with any one or with any larger number, at the election of the pleader, employing, if the allegation is of more than one, the conjunction 'and' where 'or' occurs in the statute." This same rule is stated in *People* v. *Reed*, 287 Ill. 606, and *Blemer* v. *People*, 76 id. 265. In this case section 239 of the Criminal Code, above cited, is designed to punish the

crime of dealing with stolen property. The crime is complete whether the accused commits only one or two or all of the acts denounced by the statute, and it is proper to charge, conjunctively, the acts which the People propose to prove. The indictment is not subject to the claim that it is duplicitous.

The point is made but not argued that the words "unlawfully, unjustly, and feloniously" should not have been used in the indictment, because they are not in the statute. This is without merit and need not be considered.

Defendant complains of the giving of eight instructions at the request of the People. An objection common to several instructions is based on the premise that two crimes are charged in a single count. We have already disposed of this point and need not consider it further in connection with the instructions.

Complaint is made that the first given instruction is a mere abstract statement of law. The instruction followed the language in section 239 of division I of the Criminal Code, in so far as that language related to the charge against this defendant. The second instruction required the jury to find from the evidence, beyond a reasonable doubt, that the defendant had been guilty of all of the elements of the crime as defined in the first instruction, naming them, before it could find the defendant guilty. If the first instruction is admitted to be an abstract statement of law, no prejudice resulted to the defendant under the circumstances. The criticism of the second instruction is that it contained the words "unlawfully, unjustly and feloniously," but these words were, at most, surplusage. The third instruction complained of was substantially like numbers sixteen and seventeen given at defendant's request. He cannot, therefore, complain as to it. The fourth instruction was a general instruction which told the jury that it was not at liberty to disbelieve as jurors, if, from the evidence, it believed as men. It is not an abstract statement of law. Instruc-

tion number six is claimed to be meaningless, but we do not find it so. It told the jury how to weigh the testimony of the defendant. Instruction number seven relating to circumstantial evidence was approved in *People* v. *Guido,* 321 Ill. 397, 415.

Defendant's last contention is that the evidence did not show that he was in exclusive possession of the stolen property. At least, he was shown to be in joint possession of the rings with Zola Harris, and joint possession may, also, be exclusive. *People* v. *Strutynski,* 367 Ill. 551.

The judgment is affirmed.

*Judgment affirmed.*