(No. 40390.—

The People of the State of Illinois, Appellee, *vs.*
Harold Newell, Appellant.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

330

WARD, J., took no part.

HOWARD H. HUSH, JR., of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and THEODORE A. SHAPERO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1964, Harold Newell pleaded guilty to the charge of murder in the circuit court of Cook County and was sentenced to the penitentiary for a term of 40 to 90 years. No direct appeal was taken but in 1966 he filed a *pro se* petition under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*), alleging a substantial denial of his constitutional rights. His petition charged, in substance, that a pretrial confession made by him "was the result of intimidation by a named member of the Chicago Police Department and a named official of the State's Attorney's Office and that these officials convinced him that his choice was electrocution or confession." Implicit in this allegation was the assertion that his guilty plea was induced or coerced by the knowledge that this

confession would be used against him at trial. The State filed a pleading, designated as a "Motion to Dismiss", challenging the sufficiency of the petition and detailing, by means of attached documents, including the transcript of the trial proceedings, the circumstances surrounding his guilty plea. On the basis of these pleadings and a further affidavit filed by petitioner's sister, the trial court, over argument by the assistant Public Defender representing petitioner, entered the order of dismissal from which this appeal is taken.

It is axiomatic that "A constitutional right, like any other right of an accused, may be waived [citations] and a voluntary plea of guilty waives errors or irregularities that are not jurisdictional." (*People* v. *Dennis*, 34 Ill.2d 219, 221.) Therefore the petitioner cannot complain of any denial of constitutional rights unless there is some substance to his claim, implied in the petition, that his guilty plea was involuntary. Towards this end, petitioner's counsel, in the brief filed in this court, further articulates the argument that the guilty plea was prompted by the threatened admission into evidence of petitioner's allegedly involuntary confession.

The transcript of the proceedings, however, rebuts this contention, as it tends to establish affirmatively that petitioner's constitutional rights were not violated. It reveals that pursuant to an investigation into the murder of Henry O'Connor, petitioner, a friend of the deceased, told the police that Percy Nelson had committed the crime. Subsequently, Nelson was indicted and petitioner was taken into custody as a material witness. On February 20, 1964, petitioner testified for the State in Nelson's trial to the effect that he saw Nelson and the deceased together just before the murder and that Nelson had a pistol with him at that time. The next morning he gave a hand-written confession to Assistant State's Attorney Samuel Banks, stat-

ing that he had shot O'Connor and that Nelson had paid him to do it. Later that day, he repeated this statement at Nelson's trial. (Details of his testimony may be found in *People* v. *Nelson,* 33 Ill.2d 48, 50.) Also, at some time on this day, February 21, Gerald Getty, the Public Defender of Cook County, was appointed to represent Newell who was indicted and entered a plea of not guilty upon his arraignment. On his trial date, March 11, 1964, before the same judge who heard the *Nelson* case, petitioner appeared, represented by his appointed counsel, and the following statements were made:

"MR. GETTY: This is Harold Newell who I have been appointed to represent on February 21st when he gave a certain statement that undoubtedly the State will put into evidence. He handed it to the State's Attorney during the course of the trial of Percy Nelson. I talked to him extensively on that date which he said that written statement was true, and I have talked to him on March 4, 1964, in which he said the statement was true. And, of course, I talked to him on today adjoining this courtroom in the presence of his sister, Mrs. Taylor. And I have advised him about all his constitutional rights. He still says he is guilty of this crime and that he wishes to enter a plea of guilty.

So I at this time I will—is that true, you want to enter a plea of guilty.?

THE DEFENDANT: Yes.

THE COURT: State your name, Harold.

THE DEFENDANT: Harold Newell.

THE COURT: Now, your lawyer advises me you wish to plead guilty, is that correct?

THE DEFENDANT: It is God's will.

THE COURT: Is that your statement?

THE DEFENDANT: It is God's will.

THE COURT: Well, you are pleading guilty yourself, is that right.

THE DEFENDANT: Yes, sir.

THE COURT: Now, before accepting your plea of guilty it is my duty to advise you that on a plea of guilty you could be sentenced to death or you could be sentenced to jail for a minimum of 14 years and a maximum of any number of years. Now, that would be the penalty. Now, knowing the penalty do you still say you are guilty?

THE DEFENDANT: Yes sir.

THE COURT: All right, let the record show, and you have conferred with Mr. Getty here, have you?

THE DEFENDANT: Yes, sir.

THE COURT: You are satisfied with Mr. Getty as your lawyer?

THE DEFENDANT: Yes, sir."

The free and voluntary character of petitioner's plea, as disclosed above, was not contradicted by any factual allegations or material in the petition. The affidavit of petitioner's sister, Mrs. Taylor, merely stated that she had been informed by the police two days after petitioner had been taken into custody, that he was being held only as a material witness and, consequently, did not need a lawyer. We hold the trial court properly concluded that the plea was voluntary. See *People* v. *Smith,* 23 Ill.2d 512.

There is no merit to petitioner's other contentions that his post-conviction counsel was incompetent, and that the judge ruling on his petition, consistent with the holding in *People* v. *Wilson,* 37 Ill.2d 617, should have disqualified himself because he also had presided at petitioner's trial. Under the circumstances, petitioner's court-appointed counsel performed her services adequately. With respect to the disqualification of a post-conviction hearing judge, in *Wilson* we said at p. 621: "While ordinarily the right to a change of venue in a Post-Conviction Proceeding is not absolute, we think that in certain circumstances a trial judge should recuse himself when it appears that he may be biased

or may be a potential witness." No such circumstances were present in the instant case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.