(No. 41914.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MORRIS E. MYERS, Appellant.

*Opinion filed January 28, 1970.*

WILLIAM A. ALLISON, of Bloomington, appointed by
the court, for appellant.

PAUL R. WELCH, State's Attorney, of Bloomington,
for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

This is an appeal from an order of the circuit court of
McLean County, denying defendant's post-conviction peti-
tion after a hearing in which evidence was taken. The grand
jury of McLean County indicted Morris Myers on October
19, 1967, for burglary. A public defender was initially ap-
pointed to represent the defendant and a plea of not guilty
was entered. Subsequently, after it appeared that there
might be some conflict of interest if the public defender

were to represent the defendant and two co-defendants, the court appointed another attorney to represent the defendant. On January 8, 1968, the defendant appeared in open court with his counsel and moved to withdraw his plea of not guilty. His motion was allowed and a plea of guilty was accepted by the court and judgment was entered on the plea. A hearing on aggravation and mitigation was held on the same day, and the defendant was sentenced to the Illinois State Penitentiary for a minimum term of six years and a maximum term of twelve years.

On March 29, 1968, defendant filed a petition for a post-conviction hearing *in forma pauperis*, alleging that he did not understand the nature of the proceedings against him and the consequences of his plea of guilty; that the petitioner entered his plea of guilty under the apprehension that the sentence would be no greater than the sentence imposed upon his co-defendants; and that petitioner was deprived of equal protection of the law since a greater sentence was imposed on him than on his co-defendants. Subsequently, defendant filed an amended petition alleging additionally that defendant was coerced into pleading guilty by the State's Attorney informing the defendant's counsel that the State's Attorney would recommend a sentence of 15-40 years if defendant did not plead guilty. The State's Attorney filed a motion to dismiss the petition and amended petition. The hearing was held on said petition on October 29, 1968, and the defendant was represented by the public defender. No answer to the petition was filed by the State's Attorney.

At said hearing on the petition, defendant testified that his court appointed counsel informed him that, under equal protection of the law, he could not be sentenced to more than the number of years to which his co-defendants were sentenced. The State's Attorney called defendant's court-appointed counsel at the prior hearing who testified that he did not tell defendant that he would receive the same sentence as his co-defendants and that he would likely receive a

greater sentence than the one received on his prior conviction, which sentence was five to twelve years. Said court-appointed attorney stated he informed defendant that if the case was tried and he was found guilty by a jury, his sentence might be higher than it would be if he did not have a jury trial, because the State's Attorney might recommend a higher sentence on a conviction by a jury trial than he would if the defendant pleaded guilty. In rebuttal, defendant's attorney made an offer of proof that the co-defendants were present at a conversation between defendant and his court-appointed attorney in which the court-appointed attorney informed defendant that the State's Attorney would recommend a sentence of 15-45 years if the defendant went through a jury trial. This offer of proof was refused by the court, the court stating that this offer of proof had nothing to do with the understanding of the plea and the court further stated that "nobody can complain if there is a general rule that a State's Attorney will make a different recommendation if he doesn't have to go through a trial, even with a person he knows he can convict otherwise. This is standard procedure."

Defendant argues that his plea of guilty was entered under the misapprehension that he could not be sentenced to a term of years greater than the sentence imposed on one of his co-defendants and therefore he was denied due process of law. We do not agree. The record indicates and defendant's own brief admits that the trial court informed him of the maximum punishment which could be imposed prior to accepting the plea of guilty. The record indicates that the accused stated that he understood the nature of the charge and the defendant's counsel had explained to defendant the consequences of his plea of guilty and the possible penalty for the offense. The penalty was correctly stated to defendant. At the post-conviction hearing, defendant admitted that in his previous burglary convictions, the others involved did not get the same sentencing. The record

shows defendant specifically indicated that he was promised nothing so as to compel a plea of guilty and that he specifically indicated he was not threatened in any way. At the post-conviction hearing, defendant's attorney at the burglary trial testified he did not indicate to the defendant that he could not be sentenced to any term greater than any of the other defendants. He stated he positively indicated otherwise and because of defendant's four prior felony convictions, he would in all probability receive a more lengthy sentence than the other defendants. From the record before us, we are of the opinion that the trial court's admonition was sufficient and that defendant was adequately informed by his attorney of the sentencing possibilities and therefore defendant was not denied due process of law.

Defendant argues the State's Attorney's representation to his counsel that he would recommend 15 to 40 years in the event of a trial was such coercion as to deprive the defendant's plea of guilty of its character as a voluntary act, and further argues that the wide disparity in the State's Attorney's recommendation constituted an impermissible deterrent to the exercise of his constitutional rights. Defendant's own attorney on the burglary charge was called upon at the post-conviction hearing and he testified that he had been a practicing attorney for ten years and had criminal law experience as an assistant States Attorney of McLean County for four and one-half years. On cross examination said attorney was asked "Do you recall whether you indicated to Mr. Myers that upon a conviction by a trial that the State would recommend a 15 to 40 year sentence?". He stated "In answer to your question, my recollection is that I do recall advising him that I thought that there was a possibility of a higher sentence, minimum or maximum, on a jury trial conviction, where the State's Attorney in that case upon a conviction by a jury may be recommending a higher minimum and maximum sentence than he would be on a plea without a jury; that in my opinion I thought there

was a chance that he would receive a higher sentence on a jury trial, not because he would be more guilty one way than the other, but because I felt from my own experience that a State's Attorney may recommend a higher sentence on a conviction by a jury trial than he would or that I might be able to".

A post-conviction proceeding is civil in character and the petitioner has the burden of showing that he was deprived of a substantial constitutional right. (*People* v. *Hall,* 413 Ill. 615.) The credibility of the testimony is a matter for the trial judge to determine and unless something appears to show that the determination by the trial judge was manifestly erroneous, the trial judge, who had an opportunity to see and hear each witness, should be upheld. (*People* v. *Alden,* 15 Ill. 2d 498; *People* v. *Caise,* 38 Ill. 2d 486, 489.) It appears that the trial court at the post-conviction hearing properly evaluated the testimony as to the credibility of the defendant's allegations and from the record before us, we find no showing that there was any coercion present to deprive the plea of its character as a voluntary act and deprive him of due process of law. Said court appointed counsel testified he advised defendant that the amount of the sentence would be a matter for the court to determine. The fact that the State's Attorney might have indicated that he would recommend a shorter sentence if the defendant would plead guilty does not amount to a *per se* denial of due process of law.

The order of the circuit court denying the defendant's post-conviction petition is affirmed.

*Judgment affirmed.*