**People of the State of Illinois, Plaintiff-Appellee, v. George Lee Alexander, Defendant-Appellant.**

Gen. No. 51,611.

First District, Fourth Division.

March 11, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This was a prosecution for murder. A jury convicted defendant; the court sentenced him to serve 50 to 100 years. He appeals, contending that (1), the trial court erred in refusing to give the jury an instruction on involuntary manslaughter; and (2), the sentence the trial court imposed is excessive and should be reduced.

The record reflects substantial agreement concerning the facts. At about 9:30 p. m. on December 12, 1965, John Kimbrough and a girl friend were seated in a booth in the Hyde Park Liquors, a lounge located at 1352 East 63rd Street, Chicago. Defendant offered the girl $5 for an act of sexual intercourse. Kimbrough resented this conduct by defendant and demanded an apology. Defendant apologized, said he was sorry and left.

Two or three hours later, at approximately 1:00 a. m., defendant returned armed with a loaded pistol. Kimbrough and the girl were still there. Defendant went to Kimbrough, cocked the pistol, put it to Kimbrough's head and demanded an apology. Both Kimbrough and the girl apologized to defendant. At this point, Clarence O'Dell Brown, floor man and bouncer in the lounge, approached the defendant. Brown had a flashlight in one hand. Although the owner, two employees and a patron testified for the prosecution, and another patron testified for the defendant, no witness saw Brown with any other thing in his hand but the flashlight.

Brown told defendant that guns were not allowed in the lounge. Brown demanded the gun. Defendant refused. Brown reached for the gun; defendant pushed Brown away and then fired three shots, two inflicted mortal wounds from which Brown died a short time later. Defendant walked out to his 1964 white convertible Cadillac and drove away. Kimbrough followed him, took the license number of defendant's car and give it

to the owner who, in turn, gave it to the police. Defendant was arrested a distance away from the lounge.

At his trial defendant did not testify. He called as his witnesses Kimbrough who repeated the testimony he gave for the prosecution, two police officers, a patron who witnessed most of the crucial events and his aunt, a Mrs. Lucinda Sutherland. After the facts we have summarized were established by the evidence, defendant tendered, but the court refused, an instruction that defined involuntary manslaughter. Defendant contends this was error.

 A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death, are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly. People v. Johnson, 54 Ill App2d 27, 203 NE2d 283; Ill Rev Stats 1967, c 38, § 9–3(a). Where evidence clearly demonstrates that a killing is murder, the giving of a manslaughter instruction is improper. People v. Gonzales, 40 Ill2d 233, 239 NE2d 783; People v. Latimer, 35 Ill2d 178, 220 NE2d 314; People v. Brown, 89 Ill App2d 231, 231 NE2d 262. Here, evidence in the record clearly demonstrated that defendant intentionally fired three shots at the deceased, two inflicted mortal wounds. "The court did not err in refusing to instruct the jury on manslaughter. An instruction defining that crime should not be given when the evidence, as here, admits only the conclusion that the crime was murder." People v. Waldron, 33 Ill2d 261, at 263, 211 NE2d 367.

 Defendant's other contention is that the sentence imposed by the trial court is excessive. He asks us to reduce the sentence by exercise of the power we possess under Supreme Court Rule 615, Ill Rev Stats 1967, c 110A, § 615(b)(4).

It is a fundamental precept of our law that penalties for crimes shall be proportioned to the nature of the of-

350

fense. Art II, § 11, Constitution of Illinois, SHA; People v. Lillie, 79 Ill App2d 174, 223 NE2d 716. A corollary of this precept is the principle that sentences fit the rehabilitation potential of a convicted defendant. See People v. Livingston, 117 Ill App2d 189, 254 NE2d 64. Initially, it is the responsibility of the trial judge, after hearing evidence in aggravation or mitigation, to strike a balance and impose a sentence consistent with our laws. We will reduce a sentence when it is necessary to prevent arbitrary or oppressive treatment of offenders, or when the punishment imposed is a departure from fundamental law. People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673; People v. Ramey, 115 Ill App2d 431, 253 NE2d 688; People v. Juve, 106 Ill App2d 421, 245 NE2d 293.

■ On the evening in question defendant went to a place of public accommodation armed with a loaded pistol, cocked it and held it to the head of a patron who had done nothing to deserve that kind of treatment. A short time later defendant took a human life in a way which the jury found was murder. At the hearing in aggravation and mitigation the State proved that on September 28, 1952, he shot and killed a woman named Anna Mae Jamerson. He pleaded guilty to the charge of murder and was sentenced to serve fourteen years. Thus, it appears that defendant is a murder recidivist. We assume that the trial judge took these factors into consideration when he imposed sentence.

■ In support of his argument urging us to reduce this sentence, defendant makes the naked claim that it is excessive. More than this is required before we will exercise our power under Supreme Court Rule 615. People v. Ledferd, 94 Ill App2d 74, 236 NE2d 19. Judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.