THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES EDWARD BOWEN, Defendant-Appellant.

(Nos. 11322-3-4, cons.;

Fourth District—February 25, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Matthew J. Moran, Deputy Director, of counsel,) for appellant.

Robert J. Bier, State's Attorney, of Quincy, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as defendant's counsel and accompanied the motion with a brief in conformity with *Anders*

*v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Defendant's counsel represents that a review of the record indicated that the only issues on appeal would be (1) whether the plea of guilty was voluntarily and intelligently made and (2) whether the sentences were excessive. The defendant was furnished a copy of the motion and brief by United States mail, postage prepaid, and was directed to file any further or additional points or authorities within 30 days, if he so desired. None were filed. From a review of the record, the Illinois Defender Project concluded that this appeal was without merit and asked leave to withdraw as counsel.

■■ In the discharge of our duties, we, too, have examined this record and agree that an appeal in this case is wholly frivolous and without merit. The defendant was charged with three armed robberies and an aggravated battery. Counsel was appointed for him. He was arraigned, pleaded guilty and was sentenced for a period of seven to twenty-one years on each charge of armed robbery with the sentences to run concurrently. Since the aggravated battery and robbery charges grew out of the same transaction, no separate sentence was imposed for the aggravated battery charge. The defendant was informed of the charges against him in each of the four cases, stated that he understood the charges, was fully informed of his right to a jury trial, understood the minimum and maximum sentences on each of the charges, and that there was a possibility that the sentences might run consecutively. There is no suggestion that any coercion, force or promises, either inferentially or otherwise, motivated the pleas. The defendant was more fully advised and meticulously informed of all of his rights than was the defendant in *People v. Newell,* 41 Ill.2d 329, 243 N.E.2d 200. Accordingly, we find no merit in the suggestion that the pleas of guilty were not voluntarily and knowingly made.

■■ Nor is there any merit in the suggestion that the sentences in this case are excessive. The defendant had received two years probation on a forgery charge, had one probation violation and two minor offenses for disturbing the peace and assault and battery. In the instant cases with another he planned and conducted the several robberies and in the course of the robberies used a gun as the deadly weapon, inflicted violence induced, as he said, by "panic" and offered nothing suggesting mitigating circumstances. We note that the trial judge followed the widely recommended practice making the minimum not more than one-third of the maximum. We find nothing in this record that warrants a reduction of sentence or supports the conclusion that the sentences are excessive.

We therefore conclude that this appeal is without merit and no reason

appears for the appointment of other or different counsel. Accordingly, the petition of the Illinois Defender Project to withdraw as counsel for the defendant-appellant is allowed and the convictions are affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.