The People of the State of Illinois, Plaintiff-Appellee *v.* John L. Bell, Defendant-Appellant.—(The People of the State of Illinois, Plaintiff-Appellee *v.* Ozell Taylor, Defendant-Appellant.)

(No. 11290-11291 Consolidated;

Fourth District—February 25, 1971.

Morton Zwick, Executive Director, Illinois Defender Project, of Chicago, (Mary Ellen Dienes and Matthew J. Moran, of counsel,) for appellants.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as defendants' counsel in each of these cases and accompanied the motion with a brief in conformity with *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Defendant's counsel represents and a review of the record indicates that the only issues on appeal would be (1) whether the pleas of guilty were voluntarily and intelligently made and (2) whether the sentences were excessive. The defendants were furnished a copy of the motion and brief by United States Mail, postage prepaid, and were directed to file any further or additional points or authorities within 30 days if they so desired. None were filed. From a review of the record, the Illinois Defender Project concluded that this appeal was without merit and asked leave to withdraw as counsel.

In the discharge of our duties, we, too, have examined this record and agree that an appeal in this case is wholly frivolous and without merit. The defendants were charged with the armed robbery of a filling station, counsel was appointed for them, they were arraigned, pleaded guilty and each was sentenced for a period of two to ten years. The defendants were informed of the charges against them, stated that they understood the charges, were fully informed of their right to a jury trial, were told the minimum and maximum sentence on an armed robbery charge and were interrogated by the court about coercion, force or promises directly or indirectly. The examination and statement of their rights was thorough and complete. They were more fully and meticulously advised than was the defendant in *People v. Newell*, 41 Ill.2d 329, 243 N.E.2d 200. Accordingly, there is no doubt in this record that the pleas of guilty were voluntarily, knowingly and intelligently made. ■■ The defendants each applied for probation. One is eighteen years

old and one is twenty years old. They have no previous criminal records. They were school drop-outs and their employment record is spotty and indifferent. They stated that they were musicians but their employment rate was rather infrequent. Both came from large families and both told different stories to the police, to the probation officer and in the court-room before the trial court. In fact the trial judge conducted an in-depth investigation in endeavoring to find out just what the facts actually were and where the responsibility lay. They apparently gave false information as to the two others involved in the same robbery with them. The station attendant was threatened with death and was kicked, slapped, etc., even though he offered no resistance to the robbery. The four men divided the money. They also said that one Gaines participated in the robbery with them, but police records showed that Gaines was in jail at the time of the robbery. A reading of this record suggests very little substantial foundation on which to expect rehabilitation through probation. The sentences imposed were the statutory minimums with a ten year maximum. Under such circumstances, we cannot say that the trial judge was in error in his appraisal of these defendants nor that the sentences were excessive or an abuse of discretion.

■■ We therefore conclude that this appeal is without merit and no reason appears for the appointment of other or different counsel. Accordingly, the petition of the Illinois Defender Project to withdraw as counsel for each of the defendants is allowed and each conviction is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.