THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ZELMA WILSON, Defendant-Appellant.

(No. 57229;

First District (3rd Division)—April 19, 1973.

694

Ackerman, Durkin & Egan, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Roberta K. Cole, and James Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant was indicted for the offense of gambling (Ill. Rev. Stat. 1969, ch. 38, par. 28—1(a)(8)), and after a bench trial was found guilty and sentenced to the House of Correction for ninety days. In this appeal the defendant contends that the indictment under which she was tried lacked the necessary certainty to charge an offense and was therefore void, and that the trial judge, when imposing sentence upon her, considered matters in aggravation that were improper and prejudicial.

We affirm.

On July 6, 1970, Officer William Mitchell of the Chicago Police Department was assigned to execute a search warrant upon the third floor apartment at 1544 East 66th Place in Chicago. When he arrived, he gained entry to the premises as a person was leaving. As he entered the apartment he saw the defendant seated at a card table which was covered with policy, lottery and gambling paraphernalia, policy writings and policy result tickets. Also on the table was ten dollars in United States currency. He placed the defendant under arrest and seized the policy tickets and currency.

The defendant was indicted for the offense of gambling in that she "knowingly set up, promoted, sold, offered to sell, possessed and transferred policy tickets and other similar devices, in violation of Chapter 38, Section 28—1(a)(8) of the Amended Illinois Revised Statutes 1969." She pled not guilty, and on the trial date waived a jury. After Officer Mitchell testified to the facts surrounding her arrest, it was stipulated between the parties that the papers recovered were policy tickets and these items, together with the $10, were admitted into evidence. The defendant did not testify or offer any evidence in her own behalf.

The defendant was found guilty, and during the hearing in aggravation and mitigation the State showed that the defendant had been previously

convicted of gambling on six occasions between September 1966 and May 1970. In mitigation defense counsel argued that gambling should not be a crime and that policy writing is a part of the defendant's "culture." The trial judge imposed sentence with the following remarks:

"THE COURT: I don't think there is any doubt but what the defendant doesn't feel that writing policy is a crime or that it is a social question. The only problem is how we stop her from writing policy. She just won't stop.

Outside of the convictions mentioned by counsel there, I couldn't help but perusing the three sheets of arrests; I suppose many arrests without convictions, as is usual in this type of case. Probation hasn't worked. Fines haven't worked. I don't know what to do.

The only thing I can think of is a sentence. Ninety days, House of Correction." R. 98, A. 6.

The defendant first argues that the indictment charging her did not state an offense with the required specificity. The defendant relies solely on the case of *People v. Heard* (1970), 47 Ill.2d 501, 266 N.E.2d 340, to support her argument that the indictment is void. In that case the two defendants were charged with violating the same section of the Illinois Criminal Code as is the instant defendant. However, the indictment was phrased in the disjunctive. In other words, the indictment in that case charged that each defendant set up *or* promoted a policy game *or* sold policy tickets, etc., in violation of the statute. There the Supreme Court held that charging the acts allegedly involved in the disjunctive lacked the necessary certainty to charge an offense because the acts constituting the crime were clearly disparate and distinctly alternative.

■■ The phrasing of the indictment in the instant case is quite different. It charged that the defendant committed the offense of gambling in that she knowingly "set up, promoted, sold, offered to sell, possessed, and transferred policy tickets and other similar devices." The defendant's contention that the use of the comma and the conjunctive "and" instead of the disjunctive "or" manifests the same defect that was held to be error in *Heard* is incorrect. When a statute forbids several things in the alternative as does par. 28—1(a)(3), it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing all the acts, using the conjunctive "and" where the statute uses the disjunctive "or." (*Blemer v. People* (1875), 76 Ill. 265; *People v. Calcione* (1938), 369 Ill. 154, 15 N.E.2d 859.) There are a number of federal cases wherein the validity of the indictments was upheld when the various acts constituting the alleged crime were separated by a comma and finally joined together by the conjunctive "and" as was done in the instant case.

(*Morrison v. United States,* 365 F.2d 521 (D.C. cir. 1966); *Fields v. United States,* 408 F.2d 885 (4th cir. 1969).) The instant indictment does not suffer from the same defect proscribed in *Heard.*

The defendant next argues that the trial judge considered matters not properly in aggravation after he had found the defendant guilty but before he imposed sentence upon her. She contends that the comment of the trial judge that he "could not help but peruse the three sheets of arrests" indicates that he considered these records of prior arrests without convictions as a factor in imposing sentence when he should only have considered previous convictions. The defendant reasons that because the trial judge commented upon these previous arrests immediately before imposing sentence, this fact so prejudiced her that the sentence imposed cannot stand. We do not agree.

■■ There is no doubt that certain matters, such as prior arrests without convictions, are not properly admissible during a hearing in aggravation and mitigation. (*People v. Riley* (1941), 376 Ill. 364, 33 N.E.2d 872.) However, the mere fact that a trial judge, before imposing sentence, is aware of certain inadmissible facts does not automatically insure a reversal of that sentence. The function of a reviewing court is not to determine whether the record is perfect, but to determine whether defendant had a fair trial. Where it can be said from the record that an error complained of could not reasonably have affected the result of the trial, the judgment of the trial court will be affirmed. (*People v. Lairson* (1971), 131 Ill.App.2d 612, 266 N.E.2d 735.) In the instant case, the trial judge was properly informed of the fact that the defendant had been previously convicted six times for the offense of gambling. As a result of the first two convictions, the defendant was placed on probation, and as a result of the latter four, she had been fined. We are convinced that as the defendant stood before the trial judge convicted of gambling for the seventh time in less than five years, the mere fact that he was aware that she had been previously arrested without being convicted could not have materially prejudiced her position or seriously impaired her standing in the eyes of the trial judge.

For the above reasons the judgment and sentence of the circuit court of Cook County are affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.